UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| James Poole, | |
| *Plaintiff,* | No. 25 CV 603 |
| v. | Judge Lindsay C. Jenkins |
| Walmart, Inc., | |
| *Defendant.* | |

MEMORANDUM OPINION AND ORDER

James Poole brings this action against Walmart Inc., alleging state law claims for malicious prosecution, false imprisonment, false arrest, and battery. [Dkt. 1-1 at 4, 8.][1] Walmart removed the case from the Circuit Court of Cook County pursuant to 28 U.S.C. § 1332(a), based on diversity of citizenship and Poole's claimed damages, which he alleges exceed $75,000. [Dkt. 1 at 2.] Walmart seeks dismissal of all the claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. [Dkt. 9.] For the reasons explained below, the motion is granted.

## I. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims. The Court takes well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor. *Reardon v. Danley*, 74 F.4th 825, 827 (7th Cir. 2023); *Choice v. Kohn L. Firm, S.C.*, 77 F.4th 636, 638 (7th Cir. 2023). "To survive a motion to dismiss under Rule 12(b)(6), plaintiff's complaint must allege facts which, when taken as true, plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (cleaned up). A plaintiff's claim must be "plausible, rather than merely speculative," which requires a plaintiff to allege "just enough details about the subject matter of the case to present a story that holds together." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 570–71 (7th Cir. 2023) (cleaned up). *Pro se* filings are construed liberally, but the filings must still adhere to procedural rules. *See Johnson v. Prentice*, 29 F.4th 895, 903 (7th Cir. 2021).

---

[1] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

## II.    Background[2]

On August 30, 2024, James Poole went to a Walmart store in Lansing, Illinois. [Dkt. 1-1 at 4.] When he arrived, he noticed a lack of shopping carts. [*Id.* at 1.] After notifying an employee, Poole asked to speak with a manager [*Id.*] While he waited for the manager, he found a cart and began shopping. [*Id.*] Later, he saw the employee he had spoken with, who was walking through the store with a second employee. [*Id.*] Poole spoke with both employees about the lack of carts in the lobby, and the employees informed Poole that the cart issue was being addressed. [*Id.*] Poole decided to "check to see if the matter was being corrected" and informed management that there were still people looking for carts. [*Id.*] Poole was "displeased with [the manager]," and relayed that Poole worked with "Chicago C.A.P.S.,"[3] explaining that "it was a shame that there were no carts." [*Id.*]

Poole continued shopping, but alleges that he was "detained by a Walmart Security Agent, and the acting manager." [*Id.* at 2.] The Complaint alleges that the manager and a security agent "walked and escorted" Poole to the front of the store where an officer from the Lansing Police Department was waiting. [*Id.* at 2.] Poole alleges that Lansing Police was called to the store because a "Walmart agent" incorrectly reported that Poole claimed to be a member of the Chicago Police Department and was impersonating a police officer. [*Id.*] The Complaint alleges that Poole tried to clarify, explaining that he never claimed to be a police officer, but rather told the store manager that he worked "with C.A.P.S." [*Id.*] The Complaint alleges that Poole was arrested by LPD for impersonating a police officer[4] and was taken to the police station, where he was held for several hours. [*Id.* at 2–3.] According to the Complaint, the Lansing Police spoke with an Assistant State's Attorney who "rejected felony charges." [*Id.* at 3.] Poole was released. [*Id.*] Poole alleged that he only took issue with the lack of shopping carts and there was no basis to believe he was threatening any Walmart employee. [*Id.* at 6.]

---

[2]    The following factual allegations are taken from Poole's Complaint and are accepted as true for the purposes of the motion. *Smith v. First Hosp. Lab'ys, Inc.*, 77 F.4th 603, 607 (7th Cir. 2023). In setting forth the facts at the pleading stage, the Court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

[3]    CAPS stands for Chicago Alternative Policing Strategy. [Dkt. 1 at 2.]

[4]    Poole's response brief includes blurry excerpts from a Lansing Police Department police report dated August 30, 2024. [Dkt. 15 at 7.] From this document, it appears that Poole was arrested for false personation of a police officer and was later released after authorities verified he was not a certified Illinois police officer and after the Cook County State's Attorney's Office declined to press charges.

## II.    Analysis

Poole's operative complaint raises state law claims for (1) malicious prosecution; (2) false arrest and false imprisonment; and (3) battery. [Dkt. 1-1 at 7–8.] The Court considers each in turn.

### A.    Malicious Prosecution

To succeed on a claim of malicious prosecution under Illinois law, a plaintiff must demonstrate: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Beaman v. Freesmeyer*, 131 N.E.3d 488, 495 (Ill. 2019) (quoting *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996)).

The first element requires Poole to allege that Walmart "commenced" or "continued" a criminal proceeding. *Id.* A criminal proceeding is formally "commenced" when a complaint, an information, or an indictment is filed. 725 ILCS 5/111–1; 725 ILCS 5/102-9, 11, 12. "Individuals (read: non-prosecutors and non-officers) can also be held liable for commencing a criminal proceeding if they '*knowingly* give[ ] false information to a police officer, who then swears out a complaint' based on that false information." *Simon v. Nw. Univ.*, 175 F. Supp. 3d 973, 981 (N.D. Ill. 2016) (emphasis in original) (quoting *Randall v. Lemke*, 726 N.E.2d 183, 185 (Ill. App. Ct. 2000)); *see also Szczesniak v. CJC Auto Parts, Inc.*, 21 N.E.3d 486, 491 (Ill. App. Ct. 2014) ("A citizen must do more than give false information to the police in order to be deemed responsible for commencing a prosecution.")

Walmart argues that Poole's malicious prosecution claim fails because he does not allege the commencement of a criminal proceeding against him. [Dkt. 10 at 3.] In his response brief,[5] Poole responds that Walmart store manager Lamont Issac "initiated a criminal proceeding[] against [him] without probable cause, with malicious intent." [Dkt. 15 at 2.]

It is true that one requirement of a malicious prosecution claim is showing that an individual knowingly provided false information to authorities. *Randall*, 726 N.E.2d at 185. But that allegation alone is not enough. Some "official action is required; a citizen does not commence a prosecution when he merely gives false information to the proper authorities." *Id.* (citing *Mulligan v. Village of Bradley*, 475 N.E.2d 1029 (Ill. App. Ct. 1985)). "When a citizen knowingly gives false information

---

[5]    Local Rule 7.1 provides that no brief in opposition to any motion shall exceed 15 pages without prior approval of the court. Poole's response brief is 21 pages long. [Dkt. 15.] The Court reminds Poole that he must comply with the court's local rules, even though he is not represented by counsel.

to a police officer, who then swears out a complaint, the officer's action may be attributed to the citizen." *Id.* at 185.

Here, Poole does not allege that a criminal proceeding was commenced against him by anyone. Indeed, the Complaint affirmatively alleges that after he was arrested, LPD authorities spoke to an Assistant State's Attorney, who declined to bring charges against Poole and Poole was released. [Dkt. 1-1 at 3.] Poole's response brief confirms the same. Even assuming that a Walmart employee provided a false account to the police that Poole said he worked for CPD when he did not, no criminal proceeding ever commenced, so a malicious prosecution claim fails as a matter of law This Count is dismissed with prejudice.

### B.    False Arrest and False Imprisonment

Next, Poole brings false imprisonment and false arrest claims against Walmart. [Dkt. 1-1 at 4, 8.] To succeed on his false arrest claim under Illinois law, Poole must show (1) "an arrest or restraint against his will;" (2) "caused or procured by the defendant[];" and (3) "made without probable cause or reasonable grounds to believe he committed the offense." Gaddis v. DeMattei, 30 F.4th 625, 633 (7th Cir. 2022). Similarly, the elements of a false imprisonment claim are that the plaintiff was restrained or arrested by the defendant, and the defendant acted without reasonable grounds to believe that an offense was committed by the plaintiff. Poris v. Lake Holiday Prop. Owners Ass'n, 983 N.E.2d 993, 1007 (Ill. 2013). The essential elements of both causes of action are that the plaintiff was "restrained or arrested by the defendant, and the defendant acted without having reasonable grounds to believe that an offense was committed by the plaintiff." Meerbrey v. Marshall Field & Co., 564 N.E.2d 1222, 1231 (Ill. 1990).

Walmart argues that dismissal of these claims is appropriate because Poole does not allege that he was restrained by or at the request of any Walmart employee. [Dkt. 10 at 5–6; Dkt. 21 at 4–5.] Walmart argues that at most, Poole alleges that he was directed or escorted to "the front of the store where a Lansing police officer was waiting." [Dkt. 21 at 5.] Poole's arguments in his response brief are difficult to follow. He says that "Walmart security guards escorted [him] into the hands of Lansing Police," and he asks the court to "take notice of probable cause," explaining that Walmart employees may "detain someone if they have reasonable suspicion or probable cause that the person has committed or is about to commit theft." [Dkt. 15 at 5.]

Regarding probable cause, the court cannot take "notice" of any issue related to this question. To survive a motion to dismiss, Poole must allege facts that plausibly suggest Walmart acted without probable cause or without reasonable grounds to believe Poole committed a crime, here impersonation of a police officer. The Complaint alleges only that Poole "never said [he] was a Chicago Police officer." [Dkt.

1-1 at 5.] It is silent as to whether probable cause was lacking or whether there were reasonable grounds to believe that Poole had committed an impersonation offense.[6]

Even if the court charitably construed Poole's contention that he never claimed to be a police officer as sufficient to allege that Walmart acted without probable cause or without reasonable suspicion, other problems loom. Regarding false imprisonment, it is not clear whether any Walmart employee or agent restrained or arrested Poole. Poole alleges that he was "stop[ped] and detained by a Walmart Security Agent, and the acting manager," who tried to speak with him. [Dkt. 1-1 at 2.] He does not include facts to explain whether this encounter was a restraint against his will or was an arrest. Quite the opposite, the Complaint alleges that Walmart employees escorted him to the front of the store where he was placed under arrest by a Lansing police officer. All of this suggests that Poole was not arrested or restrained by a Walmart employee.

Regarding false arrest, private individuals may be liable if they "caused or procured" the plaintiff's arrest. Schroeder v. Lufthansa German Airlines, 875 F.2d 613, 618 (7th Cir. 1989). To cause or procure an arrest, Walmart must have "personally participated [in the arrest] by direct act or by indirect procurement." Id. Put differently, a private individual "may be liable for false arrest only upon a showing that they commanded or mounted a campaign…to procure the plaintiff's arrest." Gaddis, 30 F.4th at 633. Merely giving information to the police—whether true or false—is not enough to demonstrate participation in an arrest. Id.; Butler v. Goldblatt Bros., 589 F.2d 323, 326 (7th Cir. 1978) ("[A] private party who furnishes inaccurate information to law enforcement officers could not be held liable for false arrest on that ground alone.") Here, the Complaint alleges that Walmart is liable for false arrest because one or more employees told the police that Poole was impersonating a police officer. But there are no facts allowing for the reasonable inference that Walmart asked officers to arrest Poole, campaigned for his arrest, or exaggerated or embellished his behavior when describing it to police. See e.g., Dugar v. U.S. Bank Nat'l Assoc., 2022 WL 2105894, at *3 (N.D. Ill. June 10, 2022) ("The rule in Illinois, then, is that even when a private defendant was the sole source of information for arresting officers, the plaintiff must still show that the defendant encouraged or 'affirmatively instigated the arrest in some way.'") (quoting Carey v. K-Way, Inc., 728 N.E.2d 743, 747 (Ill. App. Ct. 2000)); Gaddis, 30 F.4th at 633. At best, Poole claims that a Walmart store manager provided inaccurate or even false information to the police that Poole was impersonating a police officer. But this is not

---

[6]     Probable cause exists when a reasonable officer could have believed a crime had been or was being committed. *Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007). The officer's belief need not be "'correct or even more likely true than false, so long as it is reasonable.'" *Fleming v. Livingston Cnty.*, 674 F.3d 874, 879 (7th Cir. 2012); *Poris* 983 N.E.2d at 1007 ("Probable cause is defined as a state of facts which, if known, would lead a person of ordinary caution and prudence to believe or entertain a strong and honest suspicion that the person arrested is guilty.")

enough to adequately allege personal participation in an arrest for a false arrest claim.

The Court recognizes that Poole is proceeding without counsel and his pleadings must be liberally construed. For the reasons discussed, his pleadings do not make it reasonable to infer that any Walmart employee arrested or restrained him without probable cause or without reasonable suspicion, which is required to state a false imprisonment claim. Nor has he sufficiently alleged that Walmart caused or procured his arrest by law enforcement, which is necessary to state a false arrest claim. These claims will be dismissed without prejudice and with leave to amend.

## C. Battery

Finally, Poole brings a state law battery claim. In Illinois, "[t]he elements of a claim for civil battery are: (1) an intentional act on the part of the defendant, (2) resulting in offensive contact with the plaintiff's person, and (3) lack of consent to the defendant's conduct." *Obermeier v. Nw. Mem'l Hosp.*, 134 N.E.3d 316, 333–34 (Ill. App. Ct. 2019). "[B]attery requires more than an intent to contact, in that a defendant must intend to cause a harmful or offensive contact." *Censke v. United States*, 27 F. Supp. 3d 920, 931 (N.D. Ill. 2014).

Walmart argues that dismissal of this claim is appropriate because Poole fails to allege any physical contact let alone any offensive physical contact by any Walmart employee. [Dkt. 10 at 4–5.] The Court agrees. The Complaint does not allege, for example, that any Walmart employee struck or grabbed Poole, or otherwise committed offensive contact with him. The Complaint states that Poole was touched once—when a Lansing police officer performed a pat-down when arresting him. [Dkt. 1-1 at 8.] Because there is no allegation that any Walmart employee ever touched Poole, his battery claim will be dismissed without prejudice and with leave to amend.

## D. Motion for Leave to Amend

After the Motion to Dismiss was fully briefed, Poole filed a Motion for Leave to Amend. [Dkt. 22.]

Under Federal Rule of Civil Procedure 15(a)(2), the court should "freely give leave to amend when justice so requires." A plaintiff ordinarily should be given a second chance to properly plead his claim. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). But courts have "broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). An amendment is futile when it fails to state a valid theory of liability, and could not survive a motion to dismiss. *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994).

Poole proposes amending his complaint to bring a malicious prosecution claim against Walmart under 42 U.S.C. § 1983. [Dkt. 25.] To proceed on a claim under § 1983, a plaintiff must plausibly allege facts establishing that the challenged conduct was "committed by a person acting under color of state law." *DiDonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022). The requirement of a "person acting under the color of state law" means that private entities and citizens generally cannot be held liable. *Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2000); *see Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009) ("When a plaintiff brings a section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity [or individual] acted under the color of state law.") Walmart is not a "person" or "state actor" subject to suit under § 1983 on these facts, so this proposed amendment would be futile.

Poole also proposes bringing a claim for spoliation of evidence, something he also discussed in his response brief. [Dkt. 24; Dkt. 15 at 11–14.] In Illinois, "spoliation of evidence is a form of negligence; proof of spoliation requires a showing that the defendant owed the plaintiff a duty to preserve evidence, breached that duty, and thereby proximately caused the plaintiff to be unable to prove the underlying cause of action." *Brian J. Wanca, J.D., P.C. v. Oppenheim*, 226 N.E.3d 732, 745 (Ill. App. Ct. 2023) (quoting *Brobbey v. Enterprise Leasing Co. of Chicago*, 935 N.E.2d 1084, 1096 (Ill. App. Ct. 2010)).

In his filing, Poole explains this claim is based on Walmart's "alleged spoliation of video evidence in connection with [the] incident" that occurred at the Lansing store. [Dkt. 24 at 1.] He alleges that a "significant altercation occurred resulting in injuries and losses," that Walmart's "video surveillance system was in operation and captured the event in its entirety," and that Walmart, "as the custodian of the store's surveillance video, had a duty to preserve all relevant video evidence pursuant to its policies and applicable law," but "failed to safeguard or retain the complete video recording of the incident." [*Id.*]

This claim fails at this stage for a few reasons. First, Poole has not adequately alleged facts to raise a spoliation claim. As for duty, a plaintiff must allege that "a reasonable person in the defendant's position should have known the evidence would be material to potential civil litigation." *Jones v. O'Brien Tire & Battery Service Center, Inc.*, 871 N.E.2d 98, 105 (Ill. App. Ct. 2007). "The general rule is that a party has no duty to preserve evidence." *Id.* But such a duty may arise if "the defendant should have foreseen that the evidence in question was material to a potential civil action." *Jones v. O'Brien Tire & Battery Service Center, Inc*, 752 N.E.2d 8, 12–13 (Ill. App. Ct. 2001). As for causation, a spoliation claim requires a plaintiff prove that "'but for the destruction of these records, [he] would have had a reasonable probability of succeeding" in his case. *Oliva v Menard*, 2024 WL 3984174, at *5 (N.D. Ill. Aug. 29, 2024). If a plaintiff could not prevail in the underlying action even with the lost or destroyed evidence, then the defendant's conduct is not the cause of the loss of the lawsuit. "This requirement prevents a plaintiff from recovering where it can be shown

7

that the underlying action was meritless." *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 271 n.2 (Ill. 1995).

Here, the proposed amendment contains only the most cursory mention of duty, breach and causation. At best, Poole parrots the elements of a spoliation claim without including the facts necessary to make the claim plausible. Poole states that "critical video evidence documenting the events and the circumstances surrounding the incident has been lost," which impairs his "ability to prove key aspects of his/her claims, including the nature and extent of the incident and ensuing damages." [Dkt. 24 at 2.] But he has not alleged facts which would make it reasonable to infer that without video evidence, he would be unable to prove the underlying causes of action. More importantly, a spoliation claim is connected to the merits of the underlying suit. *Borsellino v. Goldman Sachs Group*, Inc., 477 F.3d 502, 510 (7th Cir. 2007). "If a plaintiff cannot prevail in the underlying suit even with the allegedly lost or destroyed evidence, then a claim for spoliation will fail because the plaintiff cannot prove damages." *Id*. Because the court has dismissed the underlying state claims, the spoliation claim as currently pled cannot stand.

## IV. Conclusion

Defendant's motion to dismiss is granted. A plaintiff usually receives at least one chance to fix deficiencies in a complaint. *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Poole's claims for false arrest, false imprisonment, battery and his proposed spoliation of evidence claim are dismissed without prejudice. His claim for malicious prosecution, both under state law and pursuant to 42 U.S.C. § 1983, are dismissed with prejudice. If Poole elects to file an amended complaint, he must file a single document tiled amended complaint, and that filing must include all relevant information about this case. The Court will not refer to prior filings nor will it permit multiple filings at different docket entries.

Enter: 25-cv-603
Date: May 14, 2025

_____

Lindsay C. Jenkins