# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| James Poole,<br>    Plaintiff, | ) Case No.1- 25-cv-00603 )<br>)<br>) |
| V.<br>Walmart Inc.,<br>    Defendant. | )<br>)Attention:Attention: Judge Lindsey C. Jenkins<br>) |

**FILED MAY 27 2025 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT**

## COMBINED RULE 59(e) AND RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT

1.)Plaintiff James Poole, pro se, respectfully moves under Federal Rules of Civil Procedure 59(e) and 60(b) to alter or amend the Court's April __, 2025 order dismissing his 42 U.S.C. § 1983 claim with prejudice. Reconsideration and relief from judgment are warranted to correct manifest errors of law and fact, incorporate newly discovered evidence, address spoliation, and prevent manifest injustice.

## I. INTRODUCTION

On April 14, 2025, this Court granted Defendant's Rule 12(b)(6) motion and dismissed Plaintiff's § 1983 claim with prejudice. The dismissal rests on manifest legal and factual errors: the Court misapplied the state-action doctrine by failing to recognize an off-duty police officer's role under color of law; overlooked Plaintiff's allegations that Walmart's manager and contracted security conducted no investigation; and ignored spoliation of video evidence. In addition, newly discovered documents confirm these failures. Under Rules 59(e) and 60(b), the judgment should be vacated and the claim reinstated.

## II. LEGAL STANDARDS

A. Rule 59(e) permits amendment of a judgment to correct "manifest errors of law or fact" or prevent manifest injustice. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006). Motions under Rule 59(e) must be filed within 28 days.

Page:1

[Cont]B. Rule 60(b) allows relief for "mistake, inadvertence, surprise, or excusable neglect" (b)(1), "newly discovered evidence" (b)(2), or "any other reason that justifies relief" (b)(6). Gonzalez v. Crosby, 545 U.S. 524, 535–36 (2005). Rule 60(b) motions must be made within a reasonable time.

## III. ARGUMENT
A. Manifest Errors of Law and Fact: State Action & Respondeat Superior
The Court erred in finding no state action. Plaintiff pleaded that Officer Pendergrass—an off-duty Chicago Heights police officer under contract with Walmart's Asset Protection team—wore his uniform and badge and physically detained Plaintiff at store manager Lamont Issac's direction. Under West v. Atkins, 487 U.S. 42, 56 (1988), private actors performing state functions act under color of law. Walmart is vicariously liable for Issac's procurement of the arrest under respondeat superior. See Collins v. Village of Palatine, 830 F.2d 7, 11 (7th Cir. 1987).

B. Lack of Investigation and Probable Cause: Fourth Amendment Violation
The Court overlooked allegations that Walmart's manager and contracted security conducted no in-store investigation of Issac's unverified claims of assault and impersonation before summoning police. There was no CCTV review or incident report. Supplying unverified accusations without investigation establishes malice and lack of probable cause. See Schroeder v. Lufthansa German Airlines, 875 F.2d 613, 618 (7th Cir. 1989).

C. Spoliation of Evidence: Adverse Inference
Walmart failed to preserve or produce video surveillance of the incident. Upon notice of potential litigation, the duty to preserve arises. Armstrong v. Daily, 786 F.3d 529, 536 (7th Cir. 2015). This failure warrants an adverse-inference instruction and supports reconsideration of the dismissal.

D. Newly Discovered Evidence from defense counsel motion
Plaintiff ask this court to take notice counsel for Walmart never stated there brief they interview Lamont Issace or the store security or obtained internal communications and incident logs showing that neither Issac nor Walmart's security team reviewed any CCTV footage or prepared an incident report prior to calling Lansing Police. This evidence, not available when the complaint was filed, confirms the absence of any investigation and further supports relief under Rule 60(b)(2).,and the fact under Federal Rule of Civil Procedure 11(b)(3), attorneys have a duty to conduct a reasonable inquiry

[Cont]into the factual basis of their claims or defenses before filing motions or pleadings. If Walmart's counsel failed to interview key witnesses like Lamont Issac or investigate the actions of Walmart security on 08/30/2024, this could be grounds for a Rule 11 motion for sanctions, against Defendant's counsel for filing their Rule 12(b)(6) motion without conducting a reasonable pre-filing inquiry into the factual basis of their defenses, in violation of Rule 11(b)(3). In support, Plaintiff states where it was never stated in there pleading

I. Walmart counsel filed a motion to dismiss Plaintiff's well-pleaded allegations without interviewing the key witness (store manager Lamont Issac), reviewing available incident reports, or inspecting CCTV footage, again Walmart security is apart of the asset protection team this by definition was this officer job to preserve this evidence ,because they are saying i did something wrong in order to prove that in a court law you would this evidence ,anything else is a shoot-first" tactic violates Rule 11(b)(3)'s requirement that factual contentions have—or be likely to have—evidentiary support after reasonable investigation. Sanctions are warranted to deter future misconduct.

## II. Legal Standard
Rule 11(b)(3) requires that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." If a motion "is not well grounded in fact"—or counsel fails to make reasonable inquiry—sanctions are appropriate under Rule 11(c).

## III. Factual Basis for Sanctions

1. Counsel 12(b) motion never interviewed Lamont Issac, the manager whose sworn complaint to Lansing police directly procured Plaintiff's arrest.
2. Counsel never investigated the actions of Walmart security on August 30, 2024—no one reviewed the store's incident report or video surveillance that Plaintiff repeatedly requested be preserved.
3. Without these basic inquiries, counsel could not have reasonably certified that the 12(b)(6) motion's factual defenses were supported by evidence.

### IV. Case Law Support
• Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393–95 (1990) (attorneys must conduct reasonable factual inquiry before filing to avoid sanctions).
• Church of Scientology Int'l v. Eli Lilly & Co., 848 F.2d 574, 578–80 (7th Cir. 1988) (sanctions appropriate when counsel files pleadings without factual basis).
• Metro Indus. Painting Co. v. Village of Niles, 72 F.3d 564, 567–68 (7th Cir. 1995) (emphasizing need to investigate core facts before filing).

### V. Argument
Defendant's counsel clearly failed the reasonable-inquiry standard. By ignoring the manager's sworn statements and available video evidence, counsel advanced defenses unmoored from any factual support. This conduct forced Plaintiff to respond and incur unnecessary fees, contrary to Rule 11's goal of streamlining litigation.

VI. James Poole is presenting these findings to give this what it needs .
Plaintiff respectfully requests that the Court:

1. Impose monetary sanctions payable to Plaintiff's counsel to reimburse fees and costs incurred in opposing the 12(b)(6) motion;
2. Order Defendant's counsel to withdraw the 12(b)(6) motion; and
3. Grant any additional relief the Court deems just and proper to deter repetition of this conduct.

### E. Extraordinary Circumstances: Manifest Injustice
Dismissing Poole's § 1983 claim with prejudice despite well-pleaded allegations constitutes manifest injustice. Relief under Rule 60(b)(6) is appropriate where a judgment deprives a party of a plausible federal claim. See Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990).

## IV. RELIEF REQUESTED

For these reasons, Plaintiff respectfully requests that this Court:

1. Vacate its April 14, 2025 judgment dismissing Plaintiff's 42 U.S.C. § 1983 claim with prejudice;
2. Reinstate Plaintiff's § 1983 claim for false arrest/malicious prosecution; and
3. Grant any other relief the Court deems just and proper.

Dated: May 27, 2025
Respectfully submitted,
James Poole

[Propria Persona ]]
CONTACT INFORMATION
James Poole
TELEPHONE NUMBER
773-938-8470
EMAIL:B96jay@yahoo.com
3420 Cottage Groove Ave
Apartment 1201
Chicago Illinois 60616

I will forward these brief to Walmart Counsel via Email to Ivanderlaa@bestfirm.com or eservice@bestfirm.com upon the completion of this filing on 05/27/2025 for Court Order Amended Complaint ,and this joined motion .

*James Poole*
*5-27-2025*