UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| James Poole, *Plaintiff*, v. Walmart, Inc., *Defendant*. | No. 25 CV 603<br><br>Judge Lindsay C. Jenkins |

MEMORANDUM OPINION AND ORDER

James Poole filed this action against Walmart Inc., originally alleging state law claims for malicious prosecution, false imprisonment, false arrest, and battery. [Dkt. 1-1 at 4, 8.][1] Walmart removed the case from the Circuit Court of Cook County pursuant to 28 U.S.C. § 1332(a), based on diversity of citizenship and Poole's claimed damages, which he alleges exceed $75,000. [Dkt. 1 at 2.] The court granted Walmart's motion to dismiss Poole's claims, *see* dkt. 30, and provided Poole leave to amend his complaint.

In his amended complaint, Poole re-alleges his claims for malicious prosecution, battery, and false arrest, while adding respondeat superior and spoliation claims. [Dkt. 31.] Walmart again moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. [Dkt. 42.] For the reasons explained below, the motion is granted in part and denied in part.

I. **Legal Standard**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's claims. The Court takes well-pleaded factual allegations as true and draws reasonable inferences in favor of the plaintiff. *Reardon v. Danley*, 74 F.4th 825, 827 (7th Cir. 2023). "To survive a motion to dismiss under Rule 12(b)(6), plaintiff's complaint must allege facts which, when taken as true, plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (cleaned up). A plaintiff's claim must be "plausible, rather than merely speculative," which requires a plaintiff to allege "just enough details about the subject matter of the case to present a story that holds together." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 570–71

---

[1] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

1

(7th Cir. 2023) (cleaned up). Although *pro se* filings are construed liberally, procedural rules still apply. *See Johnson v. Prentice*, 29 F.4th 895, 903 (7th Cir. 2021).

## II. Background[2]

On August 30, 2024, James Poole went to a Walmart store in Lansing, Illinois. [Dkt. 31 at 2.] Upon arriving, he noticed "a lack of available shopping carts" and "politely complained" about this to Lamont Isaac, the store manager. [*Id.*] Poole found a cart and began shopping. [*Id.*] As Poole shopped in the toy aisle, Issac and Walmart's " off-duty security officer" approached Poole and falsely accused Poole of assaulting store employees and impersonating a police officer. [*Id.*, at 2, 7.] Poole alleges that Isaac called 911 and that Isaac informed Poole that Poole "was being detained and escorted" to the front of the store. [*Id.* at 7.] Isaac "detained" Poole without consent. Once a Lansing police officer arrived, Issac falsely relayed that Poole was impersonating a police officer "through intimidation and assault." [*Id.* at 2.] Poole was arrested and transported to the Lansing police station, where he was fingerprinted and held for seven hours "without any independent investigation or probable cause." [*Id.* at 2, 7.]

Poole was released and the Cook County State's Attorney's Office declined to bring charges. [*Id.*]

## II. Analysis

Poole's amended complaint raises state law and § 1983 claims for (1) malicious prosecution; (2) battery; (3) false arrest; and (4) spoliation of evidence. [Dkt. 31.] The court considers each in turn.

### A. Malicious Prosecution

The court previously dismissed this claim with prejudice, so Poole's attempt to re-plead it is improper.

To reiterate, succeeding on a claim of malicious prosecution under Illinois law requires a plaintiff to demonstrate: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff."

---

[2] The following factual allegations are taken from Poole's Amended Complaint and are accepted as true for the purposes of the motion. *Smith v. First Hosp. Lab'ys, Inc.*, 77 F.4th 603, 607 (7th Cir. 2023). The court does not vouch for the accuracy of facts set forth at the pleading stage. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018). Any additional facts alleged in subsequent filings have not been considered, consistent with the court's earlier instructions to Poole to only file one document titled "amended complaint" with the relevant factual information. [Dkt. 29; Dkt. 30 at 8.]

*Beaman v. Freesmeyer*, 131 N.E.3d 488, 495 (Ill. 2019) (quoting *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996)).

Some state action is required for a malicious prosecution claim; but importantly, "'a citizen does not commence a prosecution when he merely gives false information' to the authorities." *Crockett v. WKM Auto., Inc.*, 2025 WL 886171, at *12 (N.D. Ill. Mar. 21, 2025) (quoting *Randall v. Lemke*, 726 N.E.2d 183, 185 (Ill. App. Ct. 2000)). As previously explained, Poole's malicious prosecution claim cannot stand because "no criminal proceeding ever commenced, so a malicious prosecution claim fails as a matter of law." [Dkt. 30 at 4.] In his original complaint, and indeed in his amended complaint, Isaac alleges that after his arrest, Lansing police spoke with the State's Attorney's Office, who declined to bring charges against Poole and Poole was released. [Dkt. 31 at 2.] Even taking as true that Isaac provided false information to the Lansing police, this claim cannot proceed because no criminal proceeding was commenced. *Crockett*, 2025 WL 886171, at *12 ("Only if the false information is given with knowledge of the falsity *and then the authorities commence judicial proceedings* based on that information is a citizen potentially liable.") (emphasis added). This claim remains dismissed with prejudice.

### B. Battery

Next, Poole brings a state law battery claim. In Illinois, "[t]he elements of a claim for civil battery are: (1) an intentional act on the part of the defendant, (2) resulting in offensive contact with the plaintiff's person, and (3) lack of consent to the defendant's conduct." *Obermeier v. Nw. Mem'l Hosp.*, 134 N.E.3d 316, 333–34 (Ill. App. Ct. 2019). "[B]attery requires more than an intent to contact, in that a defendant must intend to cause a harmful or offensive contact." *Censke v. United States*, 27 F. Supp. 3d 920, 931–32 (N.D. Ill. 2014).

Walmart argues Poole's claims should be dismissed with prejudice because he fails to allege that any Walmart employee made physical contact with him. [Dkt. 43 at 6.] It's true that Poole's amended complaint does not allege anyone, let alone a Walmart employee, ever touched him. In fact, Poole's response brief reiterates that he "does not allege in his First Amended Complaint that anyone ever made any physical contact with him other than the Lansing police officer who placed him under arrest." [Dkt. 47 at 1.] "[O]ffensive contact with the plaintiff's person" is an explicit requirement of battery. *Obermeier*, 134 N.E.3d at 333. Because Poole alleges that no one made physical contact with him, his battery claim is dismissed with prejudice.

### C. False Arrest

Poole also brings a false arrest claim against Walmart. [Dkt. 31 at 1, 3.] Under Illinois law, success on a false arrest claim requires an (1) "arrest or restraint against his will;" (2) "caused or procured by the defendant[];" and (3) "made without probable cause or reasonable grounds to believe he committed the offense." *Gaddis v. DeMattei*,

3

30 F.4th 625, 633 (7th Cir. 2022). The essence of such a cause of action is that the plaintiff was "restrained or arrested by the defendant, and that the defendant acted without having reasonable grounds to believe that an offense was committed by the plaintiff." *Meerbrey v. Marshall Field & Co.*, 564 N.E.2d 1222, 1231 (Ill. 1990).

Private individuals may be liable for false arrest if they "caused or procured" the plaintiff's arrest. *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 618 (7th Cir. 1989) ("Under Illinois law, an 'arrest by an officer caused or procured by a private person is the same as an arrest by the private person.'" (quoting *Dutton v. Roo-Mac, Inc.*, 426 N.E.2d 604, 607 (Ill. App. Ct. 1981))) To cause or procure an arrest, an individual must have "personally participated [in the arrest] by direct act or by indirect procurement." *Id.* (quoting *Campbell v. Kaczmarek*, 350 N.E.2d 97, 101 (Ill. App. Ct. 1976)). In Illinois, this generally requires a showing that a private citizen "commanded or mounted a campaign against the police in order to procure the plaintiff's arrest." *Gaddis*, 30 F.4th at 633 (citing *Odorizzi v. A.O. Smith Corp.*, 452 F.2d 229 (7th Cir. 1971)).

Construing Poole's pleading liberally, he has stated a claim for false arrest. He alleges that he was restrained unreasonably or without probable cause in that Isaac detained and escorted Poole to the front of the store where he was turned over to a Lansing police officer. [Dkt. 31 at 2, 7.] Poole alleges that Isaac falsely told the Lansing police officer that Poole "assault[ed] store employees and impersonat[ed] a police officer," which caused the officer to arrest Poole. [*Id.* at 2.] Viewed liberally, that is enough to plausibly suggest that a Walmart employee, Isaac, "directed or procured" Poole's arrest, while falsely relaying that Poole was impersonating a police officer.

To be sure, ultimately, Poole will not succeed on this claim merely by showing that a Walmart employee provided false or inaccurate information to the police. *Randall v. Lemke*, 726 N.E.2d 183, 186 (Ill. App. Ct. 2000) (providing false information to the police does not support a claim of false arrest "[u]nless the information is the sole basis for the arrest...."); *Dugar v. U.S. Bank Nat'l Assn.*, 2022 WL 2105894, at *4 (N.D. Ill. June 10, 2022) ("The rule in Illinois, then, is that even when a private defendant was the sole source of information for arresting officers, the plaintiff must still show that the defendant encouraged or 'affirmatively instigated the arrest in some way.'") (quoting *Carey v. K-Way, Inc.*, 728 N.E.2d 743, 747 (Ill. App. Ct. 2000))). He will have to show that false information was the sole basis for the arrest. At the pleadings stage, Poole has alleged enough to make it plausible that a Walmart employee personally participated in the arrest by direct act or by indirect procurement. Poole's false arrest claim against Walmart may proceed under Illinois state law.

It may not proceed under 42 U.S.C. § 1983 or *Monell*, which Poole references in his amended complaint. [Dkt. 31 at 3.] A *Monell* claim challenges the "execution of a government's policy or custom, whether made by its lawmakers or by those whose

4

edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 694 (2018). "For a *Monell* claim to survive a motion to dismiss, a plaintiff must plead facts that plausibly suggest" four factors are met. *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 524 (7th Cir. 2023). First, that he was deprived of a constitutional right; second, that the deprivation can be traced to some municipal action (*i.e.* a policy or custom); third, that the policy or custom demonstrates municipal fault (*i.e.* deliberate indifference); and fourth, that the municipal action was the moving force behind the federal-rights violation. *Id.*

Poole's amended complaint alleges none of these things. He states only that "Walmart is liable under § 1983 through *respondeat superior* for Isaac's role in the arrest" under *Monell*. [Dkt. 31 at 3.] This is incorrect. There is no general *respondeat superior* liability under § 1983, so Walmart cannot be held liable for constitutional violations solely because it employed Isaac or even an off duty security guard. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020); *Taylor v. Ways*, 999 F.3d 478, 493 (7th Cir. 2021). A private company performing a public function can be sued for constitutional violations under *Monell*, but it "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). No such official custom or policy is alleged in this case. Finally, as noted above, a *Monell* claim requires that Poole be deprived of some constitutional right. Here, there is no viable constitutional claim—Poole has alleged a state law false arrest claim only. *Petty v. City of Chicago*, 754 F.3d 416, 424–25 (7th Cir. 2014) ("To establish municipal liability and prevail on his *Monell* claim, it is not enough for Petty to allege that CPD's alleged policy injured him. Rather, he must establish: (1) that he suffered a constitutional injury, and (2) that the City authorized or maintained a custom of approving the unconstitutional conduct…But if no constitutional violation occurred in the first place, a *Monell* claim cannot be supported." (internal citation omitted)). Poole's claims against Walmart under § 1983 and *respondeat superior* are dismissed with prejudice.

### D. Spoliation of Evidence

Finally, Poole brings a claim for spoliation of evidence. [Dkt. 31 at 1, 6.] Under Illinois state law, "spoliation of evidence is a form of negligence; proof of spoliation requires a showing that the defendant owed the plaintiff a duty to preserve evidence, breached that duty, and thereby proximately caused the plaintiff to be unable to prove the underlying cause of action." *Brian J. Wanca, J.D., P.C. v. Oppenheim*, 226 N.E.3d 732, 745 (Ill. App. Ct. 2023) (quoting *Brobbey v. Enterprise Leasing Co. of Chicago*, 935 N.E.2d 1084, 1096 (Ill. App. Ct. 2010)).

Poole bases his spoliation claim on "Walmart's failure to prepare an incident report and preserve CCTV footage." [Dkt. 31 at 6.] Poole claims that "[p]rior to or immediately after" his arrest, he "gave Walmart's asset-protection team notice to preserve all CCTV footage" related to the incident. [*Id.*, at 2.] He also claims internal

5

policy at Walmart requires drafting incident reports and preserving store surveillance video for up to two years "whenever an arrest or 911 call occurs." [*Id.*] Separately, Poole alleges that "Walmart had actual notice of potential litigation and failed to preserve the footage." [*Id.* at 4.]

To establish duty, a plaintiff must allege that "a reasonable person in the defendant's position should have known the evidence would be material to potential civil litigation." *Jones v. O'Brien Tire & Battery Service Center, Inc.*, 871 N.E.2d 98, 105 (Ill. App. Ct. 2007). Taking Poole's factual allegations as true, which the court must at the motion to dismiss stage, Poole adequately alleges that his arrest and the notice he gave Walmart about his potential litigation created a duty to preserve the CCTV footage. As to causation, a plaintiff must show that "'but for the destruction of these records, [he] would have had a reasonable probability of succeeding" in his case. *Oliva v. Menard*, 2024 WL 3984174, at *5 (N.D. Ill. Aug. 29, 2024). If a plaintiff cannot prevail in the underlying action even with the lost or destroyed evidence, then the defendant's conduct is not the cause of harm. "This requirement prevents a plaintiff from recovering where it can be shown that the underlying action was meritless." *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 271 n.2 (Ill. 1995).

Poole states that "destruction or loss of the video evidence prejudiced Plaintiff's ability to prove his innocence and the falsity of Isaac's claims." [Dkt. 31 at 4.] Because it is plausible that CCTV footage might depict the relevant events, including the circumstances leading up to the Lansing police's arrival, the amended complaint—when liberally construed—sufficiently states a spoliation claim.

* * * *

The court would be remiss if it did not address a glaring issue that presents itself in nearly every one of Poole's filings. Poole asks the "court to take notice" of several cases that do not actually exist, for example, Phipps v. Sears, Roebuck & Co, 570 N.E 2d 405, 412 (1st Dist. 1991), Carberry v. Chicago Transit Authority, 512 N.E.2d 96, 99 (1st Dist. 1987), and Cain v. Chicago Transit Authority, 529 N.E.2d 640, 643 (1st Dist. 1988). [Dkt. 47 at 7.] Walmart could not find the three cases. [Dkt. 48 at 2.] The court could not find them either.

In Poole's most recent filings, he cites two cases from the "Eastern District of Illinois." [Dkt. 54 at 4. (citing "Miller v. United States, 532 F. Supp. 2d 1365 (E.D. Ill. 2008)" and "United States v. Miller Law Group, 2021 WL _____ (E.D. Ill. 2021.")] The Eastern District of Illinois no longer exists and hasn't existed since 1978.[3]

While generative AI platforms, such as ChatGPT, can be useful tools for attorneys and *pro se* litigants alike, they have their shortcomings. These platforms sometimes "hallucinate," meaning they provide inaccurate responses. In the legal research context, these hallucinations can include the generation of fictitious case

---

[3] https://www.fjc.gov/history/courts/u.s.-district-courts-districts-illinois

cites and misrepresentations of case summaries or holdings, like the citations noted above.

The court reminds Poole that the requirements of faithful representations to the court under Rule 11 applies to *pro se* plaintiffs. Fed. R. Civ. P. 11(b). Rule 11(c) allows district courts to sanction parties when they act in bad faith and engage in deliberate misconduct in an effort to deceive the court. If Poole relies on AI or other technology to draft a filing, he remains responsible for ensuring his filings are accurate and do not contain fabricated caselaw, citations or quotations. Failure to comply with Rule 11 obligations in the future will result in sanctions, up to and including dismissal of the case with prejudice.

### IV. Conclusion

Defendant's motion to dismiss is granted in part and denied in part. Poole's malicious prosecution, battery, and § 1983 claims are dismissed with prejudice. It is denied with respect to his false arrest and spoliation claims.

Enter: 25-cv-603
Date: September 5, 2025

_____
Lindsay C. Jenkins